FILED
DEC - 5 2014
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                                    ) Case No. 13-29030-D-7
                                          )
WILLIAM CHENG and JANET CHENG,            )
                                          )
                                          )
            Debtors.                      )
_____)

### MEMORANDUM DECISION

On November 10, 2014, debtors Janet Cheng and William Cheng (the "debtors") filed a motion entitled "William Cheng and Janet Cheng's Motions to Request the Court, the Chief Justice, and Presiding Justice and Judge Bardwil to Disqualify from Hearing Chengs' Motions, Chengs Complaints to Trustee Richards Fraudulent Acts, to Disqualify Judge Bardwil from Hearing Chengs Motions to Vacate the October 23, 24-14 Orders Etc Due to Conflicts of Interests, Adversary Proceedings" (the "Dept. D Motion"). The Dept. D Motion was docketed as DN 700. The debtors set the Motion for hearing on December 17, 2014 in Department D. Also on November 10, 2014, the debtors filed an identical motion except that they purported to set it for hearing on December 16, 2014 in Department C (the "Dept. C Motion"). The Dept. C Motion was docketed as DN 703. On November 18, 2014, the debtors filed a document entitled "William Cheng, and Janet Cheng Request the Court, Dept D for Continue of the December 17 2014 hearing. Chengs Request Judge to Permit Chengs to be Transfer to Dept C Due to Conflict of Interest and Adversary Proceedings" (the "Request"). In the Request, which was docketed as DN 708, the

debtors ask the court to continue the hearing on the Dept. D Motion to another day "so Chengs can be represent[ed] by an attorney with jury trial" (Request filed Nov. 18, 2014, DN 708, at 1:15-16); they also ask that the court transfer their case to Department C of this court. Finally, on November 26, 2014, the debtors filed an amended notice by which they purported to change the hearing date of the Dept. C Motion to January 27, 2015 in Department C. The amended notice is on the court's docket as DN 715.

As a preliminary matter, the debtors have, by their Dept. C Motion, asked that their request to disqualify the undersigned be determined by a different judge. As the Dept. D Motion also includes a request for a determination by the presiding judge, that motion also requests the issue be determined by a different judge.

Determination of the Dept. D Motion and the Dept. C Motion is governed by 28 U.S.C. § 455 (see discussion, below). In the Ninth Circuit, a motion for disqualification under that section is to be decided by the judge whose disqualification is sought. Bernard v. Coyne (In re Bernard), 31 F.3d 842, 843 (9th Cir. 1994); United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980); see also Hubbard v. Corcoran State Prison, 2014 U.S. Dist. LEXIS 58783, at *5-6 (E.D. Cal. April 28, 2014). Thus, the request that the matter of disqualification of the undersigned be determined by a different judge will be denied.

"A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises, or, if

appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a).

Section 455 of Title 28, in turn, provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party . . . .

Subdivisions (b)(2) through (5) describe various interests and relationships that require a judge to disqualify himself.

Under § 455(a), "[t]he standard for recusal is clearly an objective one: 'whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned.'" In re Georgetown Park Apts., Ltd., 143 B.R. 557, 559 (B.A.P. 9th Cir. 1992), quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983) (other citations omitted).

Similarly, "under the canons of judicial ethics, every judicial officer must satisfy himself that he is actually unbiased towards the parties in each case and that his impartiality is not reasonably subject to question." Bernard, 31 F.3d at 843. Under this standard, the judge must not only be subjectively confident that he is unbiased; it is also objectively necessary that "an informed, rational, objective observer would not doubt his impartiality." Id. at 844, citing United States v. Winston, 613 F.2d 221, 222 (9th Cir. 1980).

Finally, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Liteky v. United States, 510 U.S. 540, 545, n.1 (1994) (citation omitted).

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

In re Focus Media, Inc. 378 F.3d 916, 930 (9th Cir. 2004), quoting Liteky, 510 U.S. at 555 (internal citation omitted).

As grounds for disqualification, the Dept. C Motion and Dept. D Motion state only that the undersigned should be disqualified "due to Judge Bardwil conflicts of interest, adversary proceedings, etc." In her supporting declaration, debtor Janet Cheng adds her opinion that the undersigned approved all the trustee's wrongful, fraudulent, and criminal acts, including fraudulent payments on fraudulent claims. She adds that the debtors requested the undersigned vacate all orders and judgments due to the debtors' allegedly void bankruptcy, and she claims the undersigned denied the debtors' basic civil rights in issuing the various orders and judgments in this case.

In the Request, in support of their request for a continuance, the debtors blame the trustee and the court for their alleged inability to find an attorney. They claim the trustee's statement that the debtors have outstanding claims of $1.23 million prevents them from getting an attorney to represent

them at the December 17, 2014 hearing. They also claim the court "imposed" on them the obligation to pay the trustee $465,000 plus $44,000 for what the debtors allege is a void bankruptcy, which they contend has made it impossible for them to find counsel. These figures refer to amounts the trustee has paid from the proceeds of sale of certain property of the estate.

It is clear the debtors' complaints about the undersigned stem entirely from the court's decisions in this case, not from any extrajudicial source. The undersigned is satisfied that he is actually unbiased and impartial towards the parties in this case, including the debtors. Further, the grounds advanced by the debtors are not such as would cause a rational, objective observer with knowledge of all the facts to question the court's impartiality.

The debtors refer to the undersigned's "conflicts of interest," but they do not specify any such conflicts, and the undersigned is confident he has no conflicts of interest in this case. The court is unsure what the debtors mean by their reference to "adversary proceedings," as no such proceedings have been filed in this case. The debtors may be referring to the various motions in this case as proceedings that have been resolved adversely to the positions the debtors have advanced. If so, that is a further indication the debtors' motions for disqualification are based solely on their dissatisfaction with the court's rulings in the case which, as set forth above, is not a sufficient basis for disqualification.

Finally, as to the debtors' request that the December 17, 2014 hearings be continued, the court finds the debtors'

allegations concerning their inability to find counsel to represent them to be not credible. The debtors have had 17 months to find counsel to represent them in this case, and they have given the court no reason to believe they have tried to do so. Moreover, the debtors have displayed a pattern of delay in the case that causes the court to conclude that the request for continuance of the hearings is simply another delaying tactic.

    For the reasons stated, the Dept. D Motion and Dept. C Motion will be denied, and the Request will be denied.

Dated: December 5, 2014

/s/ Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

# United States Bankruptcy Court
# Eastern District of California

## Certificate of Mailing

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

William Cheng
118 Montrose Ct
Folsom CA 95630

Janet Cheng
118 Montrose Ct
Folsom CA 95630

Geoffrey Richards
PO Box 579
Orinda CA 94563

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

Dana A. Suntag
5757 Pacific, #222
Stockton CA 95207

Dated: DEC - 5 2014

By: _____
Deputy Clerk

DPAS